UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE TRUJILLO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LA VALLEY FOODS, INC.,<br><br>　　　　　Defendants. | Case No. 1:16-cv-01402-AWI-BAM<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BE GRANTED IN PART<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

On February 28, 2017, Plaintiff Jose Trujillo ("Plaintiff") filed a motion for default judgment against Defendant La Valley Foods, Inc. ("Defendant"). No opposition to Plaintiff's motion was filed. The motion was referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. The Court deemed the matter suitable for decision without oral argument pursuant to Local Rule 230(g), and vacated the hearing scheduled for March 31, 2017. (Doc. 20). Having considered the moving papers and the Court's file, the Court RECOMMENDS that Plaintiff's motion for default judgment be GRANTED IN PART in the amount of $3,978.63.

I. **BACKGROUND**

On September 21, 2016, Plaintiff filed a complaint pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181-12189 and related California statutes alleging discrimination at the building known as Baja Fresh #335, located at South Mooney Boulevard in Visalia, California ("the Facility"). (Doc. 1). The Complaint seeks an award of statutory damages, costs of suit, attorney's fees, and injunctive relief. *Id.* Plaintiff alleges that he is a disabled man who requires the use of a wheelchair or cane for mobility (Doc. 1, ¶ 8), and that the Facility which is the subject of this suit, presents architectural barriers that interfered with his ability to use and enjoy the goods, services, privileges, and accommodations offered at the

Facility. (Doc. 1, ¶ 10).

Defendants La Valley Foods, Inc. and Walnut-Mooney Center, LLC were served with the Complaint on October 27, 2016 (Docs. 4, 6), and default was entered against La Valley Foods, Inc. on November 29, 2016. (Doc. 9).[1]  Walnut- Mooney Center, LLC responded to the Complaint and reached a settlement with Plaintiff and was dismissed from the case on January 4, 2017. (Doc. 12).

On February 28, 2017, Plaintiff filed a motion for default judgment against Defendant La Valley Foods, Inc. which is currently pending before the Court. (Doc. 18).

## II. DISCUSSION

### A.  Legal Standard

Federal Rule of Civil Procedure 55(b) permits a court-ordered default judgment following the entry of default by the clerk of the court under Rule 55(a). It is within the sole discretion of the court as to whether default judgment should be entered. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). A defendant's default by itself does not entitle a plaintiff to a court-ordered judgment. *See id.* Instead, the Ninth Circuit has determined a court should consider seven discretionary factors, often referred to as the "*Eitel* factors," before rendering a decision on default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The *Eitel* factors include (1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *See id.*

A plaintiff is required to prove all damages sought in the complaint. *See Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1992). In addition, any relief sought may not be different in kind from, or exceed in amount, what is demanded in the complaint. Fed. R. Civ. P. 54(c). If the facts necessary to determine the damages are not contained in the complaint, or

---

[1] On October 14, 2016, Plaintiff served a copy of the summons and complaint on Defendant La Valley Foods, Inc. by leaving the documents with the person in charge at the address listed for the registered agent for service of process. (Doc. 6). The Court finds that service of process on Defendant La Valley Foods, Inc. was proper under California law. Cal. Civ. Proc. Code § 415.20.

are legally insufficient, they will not be established by default. *See Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

Finally, once the court clerk enters a default, the well-pleaded factual allegations of the complaint are taken as true, except for those allegations relating to damages. *See Televideo Sys., Inc.*, 826 F.2d at 917.

**B.     Analysis**

As discussed further below, the Court determines that, on balance, an entry of default judgment is warranted in this case.

**1.     Prejudice to Plaintiff if Default Judgment is Not Granted**

If default judgment is not entered, Plaintiff is effectively denied a remedy for the violations alleged in this action until Defendants decide to appear in the litigation and that may never occur.

**2.     The Merits of Plaintiff's Substantive Claims and Sufficiency of Complaint**

The Court is to evaluate the merits of the substantive claims alleged in the complaint as well as the sufficiency of the complaint itself. In doing so, the Court looks to the complaint to determine if the allegations contained within are sufficient to state a claim for the relief sought. *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978).

**a.     Americans with Disabilities Act**

"An ADA plaintiff suffers a legally cognizable injury under the ADA if he is 'discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, [or] facilities ... of any place of public accommodation.'" *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 952 (9th Cir. 2011) (quoting 42 U.S.C. § 12182(a)). As relevant here, discrimination is defined as "a failure to remove architectural barriers . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv).

"To prevail on a Title III discrimination claim, the plaintiff must show that (1) [he] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public

3

accommodations by the defendant because of [his] disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007) (citing 42 U.S.C. §§ 12182(a)-(b)). "To succeed on a ADA claim of discrimination on account of one's disability due to an architectural barrier, the plaintiff must also prove that: (1) the existing facility at the defendant's place of business presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable." *Parr v. L & L Drive-Inn Restaurant*, 96 F.Supp.2d 1065, 1085 (D. Hawaii 2000).

A private party is only entitled to injunctive relief under Title III of the ADA, however, the ADA gives the court discretion to award attorney fees to the prevailing party. *Molski*, 481 F.3d at 730.

Plaintiff alleges that he has limited mobility and requires the use of a wheelchair or cane in public and therefore is "physically disabled" as defined by applicable California and federal law; the Facility is a public accommodation facility which is open to the public, intended for non-residential use and its operations affect commerce. ((Doc. 1 at ¶¶ 7-10).  Further, Plaintiff alleges that Defendant owns, operates, or leases the Facility and has sufficient control to make the modifications to remove impediments to mobility access. (Doc. 1 at ¶¶ 7-14).  This is sufficient to allege liability for failure to comply with the ADA.

Plaintiff visited Defendant's business on October 8, 2015. (Doc. 1 at ¶ 10).  Plaintiff contends that on the date of his visit he was unable to locate an accessible table at the Facility, either inside or outside.  (Doc. 1 at ¶ 10). He sat at a table indoors which had legs and a pole underneath that prevented him from pulling his wheelchair close to the table, forcing him to sit at an uncomfortable distance for the duration of his meal. *Id.*  Finally, the aisle leading to the table was too narrow, which made it difficult to maneuver his wheelchair toward the table.  *Id.*

These allegations are taken as true due to Defendant's default, and Plaintiff has met his burden of stating a *prima facie* claim for discrimination under Title III.  Plaintiff is thereby entitled to injunctive relief for the violations of the ADA.

**b.     Unruh Act**

Plaintiff also brings a state law claim for violation of the Unruh Act. The Unruh Act provides that "[a]ll persons within the jurisdiction of this state are free and equal, and . . . are

entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). The Unruh Act also provides that no business shall discriminate against any person due to disability. Cal. Civ. Code § 51.5(a). A violation of the ADA also violates the Unruh Act. Cal. Civ. Code § 51(f). The Unruh Act provides for statutory damages of no less than $4,000 for each and every offense, as well as attorney's fees. Cal. Civ. Code § 52(a). A litigant need not prove any actual damages to recover statutory damages of $4,000. *Molski*, 481 F.3d at 731.

As Plaintiff's claims state a cause of action entitling him to relief under the ADA, Plaintiff's allegations also state a claim entitling him to relief under the Unruh Act.

### c. California Health and Safety Code

Plaintiff brings a claim for violation of the Health and Safety Code. The California Health and Safety Code requires that all public accommodations constructed in California adhere to the requirements of Government Code § 4450. Cal. Health & Safety Code § 19955(a). Government Code § 4450(a) provides that "all buildings, structures, sidewalks, curbs, and related facilities . . . shall be accessible to and usable by persons with disabilities." The California Health and Safety Code also provides that "[e]very existing public accommodation constructed prior to July 1, 1970, which is not exempted by Section 19956, shall be subject to the requirements of this chapter when any alterations, structural repairs or additions are made to such public accommodation." Cal. Health & Safety Code § 19959.

In his complaint, Plaintiff incorporates the factual allegations and states that "the [f]acility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the [f]acility was not exempt under Health and Safety Code § 19956." (Doc. 1 at ¶ 45). Although Plaintiff's pleading is largely boilerplate, the Court finds this claim is adequately pled for the purpose of default judgment as it is sufficient to support the relief requested.

Plaintiff's complaint has sufficiently stated a cause of action for violations of the ADA, Unruh Act, and California Health and Safety Code and the allegations appear to have merit. Accordingly, these factors weigh in favor of granting default judgment.

### 3. The Sum of Money at Stake in the Action

The sum of money at stake in this action also weighs in favor of default judgment. Default judgment is disfavored where large amounts of money are involved or the award would be unreasonable in light of the defendant's actions. *G & G Closed Circuit Events, LLC v. Nguyen*, No. 3:11-cv-06340-JW, 2012 U.S. Dist. LEXIS 99137, 2012 WL 2339699, at *2 (N.D. Cal. May 30, 2012). In this action, Plaintiff is seeking statutory damages, costs, and attorney's fees in the net amount of $5,130.63.[2] This is not a large amount of money, nor does it seem unreasonable in light of the allegations contained in the complaint. This factor weighs in favor of granting default judgment.

### 4. The Possibility of a Dispute Concerning Material Facts

Due to the factual allegations in the complaint being taken as true upon Defendant's default, there are no genuine of issues of material fact in dispute in this action. Accordingly, this factor weighs in favor of granting default judgment.

### 5. Whether the Default Was Due to Excusable Neglect

Defendant has failed to file a responsive pleading or oppose the motion for default judgment. There is no evidence before the Court that this failure was due to excusable neglect.

### 6. The Strong Policy Underlying the Federal Rules of Civil Procedure Favoring Decisions on the Merits

The policy favoring decisions on the merits always weighs against entering default judgment. However, in this instance, especially in light of Defendant's failure to provide any opposing arguments to the default, the factors favoring default judgment outweigh the policy favoring a decision on the merits.

## C. Damages

### 1. Equitable Relief

Plaintiff seeks declaratory and injunctive relief under the ADA for the violations alleged

---

[2] Plaintiff requests statutory damages in the amount of $4,000, attorney's fees in the amount of $5,589.50, and costs in the amount of $1,656.70 for a total award of $11,246.20. (Doc. 18-8 at 2). Plaintiff further requests that this amount be subject to an offset of $6,115.57, the amount received in settlement with Walnut-Mooney Center, LLC. Thus, the net monetary award requested by Plaintiff is $5,130.63.

1  in the complaint. Plaintiff seeks a declaration that Defendant violated the ADA. Based upon the
2  allegations in Plaintiff's complaint, the Court finds and declares that Defendant violated the
3  ADA.

4  Plaintiff also seeks an injunction requiring the removal of all architectural barriers to
5  Plaintiff's access to the facility. 42 U.S.C. § 12188 provides that "injunctive relief shall include
6  an order to alter facilities to make such facilities readily accessible to and usable by individuals
7  with disabilities to the extent required" the ADA. 42 U.S.C. § 12188(a)(2). Pursuant to federal
8  and state law, Plaintiff is entitled to the removal of those architectural barriers which he
9  encountered on his visit to the facility that violated the ADA. Therefore an injunction should
10 issue requiring Defendant to provide at least one accessible table with dimensions that are at least
11 27 inches high, 30 inches wide, and 19 inches deep, and located on an accessible route, as
12 required by the ADA and Unruh Act.

### 2. Statutory Damages

14 Plaintiff seeks statutory damages in the amount of $4,000.00 as authorized by the
15 California statutes. The Unruh Act provides for minimum statutory damages of $4,000 for each
16 violation. Cal. Civ. Code § 52(a); *Grove v. De La Cruz*, 407 F.Supp.2d 1126, 1133 (C.D. Cal.
17 2005). Since a violation of the ADA establishes a violation of the Unruh Act, Plaintiff is entitled
18 to statutory damages of $4,000.00.

### 3. Attorney Fees

20 Plaintiff requests $5,589.50 in attorney's fees for total billable time spent on the case as
21 well as $1,656.70 for costs and litigation expenses. (Doc. 18-1 at 9). Specifically, Plaintiff
22 requests: (1) $4,380 for 14.6 hours of work expended by Tanya Moore, Esq., at an hourly rate of
23 $300; (2) $782 for 6.8 hours spent by paralegal Whitney Law at an hourly rate of $115; and (3)
24 $427.50 for 4.5 hours spent by paralegal David Guthrie at an hourly rate of $95. (Doc. 18-1 at
25 10).

26 Pursuant to 42 U.S.C. § 12205, the party that prevails on a claim brought under the ADA
27 may recover reasonable attorney fees and cost at the discretion of the Court. "[U]nder federal fee
28 shifting statutes the lodestar approach is the guiding light in determining a reasonable fee."

7

*Antoninetti v. Chipotle Mexican Grill, Inc.*, 643 F.3d 1165, 1176 (9th Cir. 2010) (internal punctuation and citations omitted). The Ninth Circuit has explained the lodestar approach as follows:

> The lodestar/multiplier approach has two parts. First a court determines the "lodestar" amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *See D'Emanuele [v. Montgomery Ward & Co., Inc.*, 904 F.2d 1379, 1383 (9th Cir. 1990)]; *Hensley [v. Eckerhart*, 461 U.S. 424,] 436, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). The party seeking an award of fees must submit evidence supporting the hours worked and the rates claimed. *See Hensley*, 461 U.S. at 433. A district court should exclude from the lodestar amount hours that are not reasonably expended because they are "excessive, redundant, or otherwise unnecessary." *Id.* at 434. Second, a court may adjust the lodestar upward or downward using a "multiplier" based on factors not subsumed in the initial calculation of the lodestar. [footnote omitted] *See Blum v. Stenson*, 465 U.S. 886, 898-901, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984) (reversing upward multiplier based on factors subsumed in the lodestar determination); *Hensley*, 461 U.S. at 434 n. 9 (noting that courts may look at "results obtained" and other factors but should consider that many of these factors are subsumed in the lodestar calculation). The lodestar amount is presumptively the reasonable fee amount, and thus a multiplier may be used to adjust the lodestar amount upward or downward only in "'rare' and 'exceptional' cases, supported by both 'specific evidence' on the record and detailed findings by the lower courts" that the lodestar amount is unreasonably low or unreasonably high. *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565, 106 S. Ct. 3088, 92 L. Ed. 2d 439 (1986) (quoting *Blum*, 465 U.S. at 898-901); *Blum*, 465 U.S. at 897; *D'Emanuele*, 904 F.2d at 1384, 1386; *Cunningham v. County of Los Angeles*, 879 F.2d 481, 487 (9th Cir. 1989).

*Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). Under the lodestar method, the court will first determine the appropriate hourly rate for the work performed, and that amount is then multiplied by the number of hours properly expended in performing the work. *Antoninetti*, 643 F.3d at 1176. The district court has the discretion to make adjustments to the number of hours claimed or to the lodestar, but is required to provide a clear but concise reason for the fee award. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). The lodestar amount is to be determined based upon the prevailing market rate in the relevant community. *Blum*, 465 U.S. at 896 (1984).

### i.     Reasonable Hourly Rates

With regard to the hourly rate charged, Plaintiff seeks attorney's fees computed using a $300 per hour rate for work by attorney Tanya E. Moore, $115 per hour for work by paralegal Whitney Law, and $95 per hour for work by paralegal David Guthrie. This Court has recently

settled the matter on the appropriate local rates for Ms. Moore and her firm's paralegals. *See Trujillo v. Singh,* Case No. 1:16-cv-01640 LJO-EPG, 2017 U.S. Dist. LEXIS 70092, 2017 WL 1831941 (E.D. Cal. May 8, 2017). On May 8, 2017, Chief Judge Lawrence J. O'Neill acknowledged that courts in this district have previously awarded conflicting hourly rates to Ms. Moore and her firm. *See Moore v. Millennium Acquisitions, LLC, et al.,* 1:14-cv-01402-DAD-SAB, 2017 U.S. Dist. LEXIS 40722, 2017 WL 1079753, *3 (E.D. Cal. Mar. 21, 2017); *Moore v. Chase, Inc.*, No. 1:14-cv-01178-SKO, 2016 U.S. Dist. LEXIS 88293, 2016 WL 3648949, at *3 (E.D. Cal. July 7, 2016); *Trujillo v. Ali*, No. 1:16-cv-00694-LJO-SKO, 2016 U.S. Dist. LEXIS 163054, 2016 WL 6902313, at *7 (E.D. Cal. Nov. 23, 2016). In resolving the discrepancy based on a mechanism for adjusting the Laffey Matrix rates to Fresno's market, the Court held that Ms. Moore's requested rate of $300 per hour, as well as $95-$115 for her firm's paralegals was reasonable and appropriate for this local community.

Based upon Chief Judge O'Neill's findings and the analysis set forth in *Trujillo v. Singh*, the Court finds the requested hourly rates to be reasonable. *Accord e.g.*, *Acosta v. Down Town Car Wash, Inc.*, 2017 U.S. Dist. LEXIS 76767 (E.D. Cal. May 19, 2017); *Trujillo v. Lakhani*, No. 1:17-cv-00056-LJO-SAB, 2017 U.S. Dist. LEXIS 70118, 2017 WL 1831942, at *7 (E.D. Cal. May 8, 2017).

### ii. Attorney Time Expended by Ms. Moore

However, when considering the billing entries and time records submitted by Plaintiff's counsel, the Court finds that 14.6 hours billed by Ms. Moore is unreasonable. Given the simplicity of this case and Ms. Moore's experience in litigating these types of actions, the number of hours billed to this case is excessive. By way of her own declaration, Ms. Moore has filed "close to 1,000 civil rights cases." (Doc. 18-2, ¶ 6). In conflict with her expertise, on September 16, 2016, Ms. Moore billed 1.6 hours to review the complaint and the file. (Doc. 18-3 a 4). A review of this complaint reveals that it contains mostly boilerplate language that Ms. Moore has filed in other cases except that paragraph ten is changed to list one alleged ADA violation. (Doc. 1 at ¶ 10). Therefore, this should not have taken more than one hour to review. The Court will deduct .6 hours for Ms. Moore's review of the Complaint.

With respect to the motion for default judgment, between February 25 and 28, 2017, Ms. Moore spent 1.8 hours communicating with Ms. Law regarding the preparation of the motion for default judgment and the supporting documentation. (Doc. 18-3 at 6). The motion for default judgment filed in this case is nearly identical to motions for default judgment filed by Ms. Moore in other actions before this Court. "Accordingly, the Court finds that one hour of Ms. Moore's time is sufficient to prepare the motion." *Moore v. E-Z-N-Quick*, No. 1:13-cv-01522-LJO-SAB, 2014 U.S. Dist. LEXIS 57448, 2014 WL 1665034 (E.D. Cal. Apr. 24, 2014)); s*ee also Trujillo v. Ali*, 2016 WL 6902313, at *7. The Court will therefore deduct .8 hours from Ms. Moore's time entries expended in review of the default judgment.

Additionally, 1.7 hours of Ms. Moore's billing entries relate to time spent reviewing communications to and from the Court. In other words, for these basic non-legal tasks alone, such as reviewing minute orders, stipulations, and returns of service, Ms. Moore proposes that pursuant to her "regular billing rate" she would bill her disabled client approximately $680. *See Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013) (In determining the reasonableness of attorney fees the Court should examine "whether attorneys for the prevailing party could have reasonably billed the hours they claim to their private clients"). The Court finds that the amount of time spent essentially reviewing the docket is unreasonable, particularly given the substance of the communications and docket entries.

For example, on September 21, 2016, Ms. Moore billed .1 hours to review the summons; on October 12, 2016, Ms. Moore billed .1 hour to review the returned summons; on October 26, 2016 she billed .3 hours to review a one paragraph stipulation; on November 3, 2016 she billed .1 hours to review another summons; between January 4 and 9, 2017 she billed .2 hours to review two stipulations;[3] and throughout the duration of the case Ms. Moore billed .9 hours reviewing minute orders and generic notices from the Court. These entries are either excessive or are clerical tasks that should not be billed at an attorney rate, and will therefore be reduced from the

---

[3] In reviewing the docket, the Court notes that while Ms. Moore bills for reviewing three stipulations, only two stipulations were filed in this matter. (Docs. 5, 12). Because the Court deducts all the time spent on these menial tasks, the Court declines to address the discrepancy any further.

award amount.[4]

Therefore, in total Ms. Moore's 14.6 hours should be reduced by 3.1 hours (.6 hours for reviewing the complaint, .8 hours for reviewing the default judgment, and 1.7 hours for work clerical in nature). Given these deductions, the Court will recommend awarding Ms. Moore $3,450.00 for 11.5 hours of work to litigate this case.

### ii. Paralegal Time Expended by Ms. Law and Mr. Guthrie

Plaintiff seeks compensation for 11.3 hours expended by paralegal Whitney Law at $115 per hour for 6.8 hours, and 4.5 hours expended by paralegal David Guthrie at $95 per hour. *See* Docs. 18-5, 18-7). For the same reasons stated above, the Court must reduce the number of hours expended by Ms. Law on the Motion for Default Judgment. Between November 29, 2016 and February 28, 2017, Ms. Law billed 2.6 hours preparing the request for default, the motion for default judgment, and the supporting documents. (Doc. 18-5 at 2-3). As discussed above, the motion for default judgment filed in this case is nearly identical to motions for default judgment filed by Ms. Moore in other actions before this Court. "Accordingly, the Court finds that one hour of…Whitney Law's time is sufficient to prepare the motion." *Trujillo v. Singh*, 2017 WL 1831941 at * 18. The Court will therefore deduct 1.6 hours from Ms. Law's time.

A review of the billing records of Mr. Guthrie reveals that many of the tasks he provided in this action were clerical in nature. In billing for legal services, "purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them." *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10, 109 S. Ct. 2463, 105 L. Ed. 2d 229 (1989). Therefore, Mr. Guthrie's hours shall be reduced.

Specifically, on October 16, 2016 and October 27, 2016, Mr. Guthrie billed at total of .4 hours to file proofs of service via CAED ECF and calendar the date that the answer was due. (Doc. 18-7 at 2-3). The Court finds that these are clerical tasks and should not be reimbursed at a paralegal rate. The Court shall deduct .4 hours from Mr. Guthrie's hours expended.

---

[4] Courts have repeatedly declined to award Ms. Moore her requested compensation for time spent on minimal tasks. *See, e.g.*, *Acosta v. Down Town Car Wash, Inc*., 2017 U.S. Dist. LEXIS 76767 (E.D. Cal. May 19, 2017) (deducting .3 hours for reviewing entries on the Court's Electronic Case Filing System); *Trujillo v. Singh*, 2017 WL 1831941 at *18 (reducing .4 hours for Ms. Moore's clerical tasks); *Gutierrez v. Leng*, No. 1:14-CV-01027-WBS, 2015 WL 1498813, at *17-21 (E.D. Cal. Mar. 31, 2015) (reducing 1.4 for Ms. Moore's review of the docket).

Therefore, the Court recommends Plaintiff be awarded 9.3 hours of paralegal time comprised of 5.2 hours for Ms. Law ($115 hourly rate) and 4.1 hours for Mr. Guthrie ($95 hourly rate) for a total of $987.50.

### 4. Litigation Expenses and Costs

Plaintiff seeks to recover costs in the amount of $1,656.70 comprised of $271.70 for service of the summons and complaint; $400 in filing fees, and $985 for a pre-filing site inspection. (Doc. 18-2 at ¶¶ 12-14, Exs. C-E). In Section 12205 of the ADA, Congress authorized a district court, in its discretion, to allow the prevailing party other than the United States to recover a reasonable attorney's fee, including litigation expenses and costs. 42 U.S.C. § 12205. The statutory provisions of the ADA provide direct authority for the award of expert witness fees as litigation expenses under the ADA. *See Lovell v. Chandler*, 303 F.3d 1039, 1058 (9th Cir. 2002). The costs here include expenses for the court filing fee, costs of service, and a fee for a pre-filing site inspection of the Facility, which are compensable pursuant to 42 U.S.C. § 12205 and *Lovell*. 303 F.3d at 1058. Plaintiff's overall litigation expenses and costs are compensable and should be awarded. Accordingly, it is recommended that Plaintiff be awarded the sum of $1,656.70 for litigation expenses and costs.

## IV. RECOMMENDATION

Based on consideration of the memorandum of points and authorities, the supporting declarations, pleadings, and exhibits to the present motion, the Court RECOMMENDS that:

1. Plaintiff's motion for default judgment be GRANTED IN PART;

2. Defendant be found and declared to be in violation of Title III of the Americans with Disabilities Act;

3. Defendant be ordered to make the following modifications to the Facility known as Baja Fresh #335, located at 2038 South Mooney Boulevard, Unit M9, in Visalia, California, such that each item is brought into compliance with the accessibility requirements of the Americans with Disabilities Act and California Code of Regulations, Title 24, as follows:

   a. Provide a properly configured accessible seating space with knee clearance measuring at least 27 inches high, 30 inches wide, and 19 inches deep, and located on an accessible route.

5. Judgment be entered in Plaintiff's favor and against Defendant LA VALLEY FOODS, INC. dba BAJA FRESH #335 in the amount of $3,978.63, consisting of:

   a. Plaintiff be awarded statutory damages under the Unruh Act in the amount of $4,000;

   b. Plaintiff be awarded attorney's fees and costs in the amount of $6,094.20 (comprised of attorney's fees in the amount of $3,450.00 (11.5 hours at $300 per hour), paralegal fees in the amount of $987.50 (5.2 hours at $115 per hour and 4.1 hours at $95 per hour), and costs of suit in the amount of $1,656.70);

   c. Defendant LA VALLEY FOODS, INC., be awarded a $6,115.57 offset for the settlement amount paid by Defendant WALNUT-MOONEY CENTER, LLC.

8. Plaintiff is HEREBY ORDERED to mail a copy of these findings and recommendations to each of the defendants at that defendant's last known address.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:  **July 13, 2017**     /s/ *Barbara A. McAuliffe*
                  UNITED STATES MAGISTRATE JUDGE